**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph Gallardo, et al., | No. CV-19-05235-PHX-SMB |
| Plaintiffs, | **ORDER** |
| v. | |
| Stillwater Insurance Company, et al., | |
| Defendants. | |

At issue is Defendants' Notice of Removal (Doc. 1) filed on September 20, 2019. The Court has reviewed the Notice of Removal and finds that Defendants have not sufficiently established that the case exceeds the amount in controversy required to grant the Court subject matter jurisdiction over this matter. Accordingly, the Court issues the following Order:

## I.    BACKGROUND

Plaintiffs Joseph and Angel Gallardo, both citizens of Arizona, suffered water damage at their home on or about August 27, 2018. Plaintiffs hold a homeowner's insurance policy ("the Policy") with Stillwater Insurance Group ("Defendants")[1], a California corporation with its principle place of business in Florida. Plaintiffs claim the alleged damage is covered under the Policy. Plaintiffs contend the Policy covered "structure damage, damages to flooring, walls, cabinetry, contents damages, loss of use,

---

[1] Plaintiffs include numerous parties to be identified in their complaint.

additional living expenses, 'pack out' and 'pack back'" expenses. After the damage rendered daily use of their home impossible, a Stillwater claims estimator inspected Plaintiffs' residence. Stillwater estimated the damage at $1,877.26. Plaintiff contested this amount as insufficient and hired a licensed public adjuster to obtain an independent damage assessment. Retaining the public adjuster obligated Plaintiffs to pay 30% of all funds recovered from Defendants to the public adjuster's office. The adjuster estimated damages to Plaintiffs dwelling at approximately $48,845.95 and assessed damages to contents (including "pack out," cleaning, and "pack back expenses) of $25,822.36. On Plaintiffs behalf, the adjuster demanded appraisal with Stillwater, as provided for under the Policy, to resolve the dispute. Defendants demurred, offering instead to reinspect and reassess the property damage. They did so and made several additional payments under the Policy. To date, Defendants have paid out under the Policy in the following amounts: $28,564.74 (after subtracting a $2,000 deductible) for personal property damage; $21,663.39 to supplement repairs on covered dwelling damages; $5,40.60 for dwelling damage; $10,447,89 for additional living expenses. Plaintiffs were required to pay $12,432.26 to the public adjuster.

Plaintiffs now bring a bad faith state law claim, seeking general and special damages, punitive damages and reasonable attorney's fees. Plaintiffs do not specify an amount in controversy. However, Plaintiffs did certify damages sought in excess of the $50,000 limit for mandatory arbitration in Maricopa County.

## II.  LEGAL STANDARD

Federal courts may exercise jurisdiction over a case only if jurisdiction existed over the suit as originally brought by the plaintiff. 28 U.S.C. § 1441(a). The removing party bears the burden of establishing federal subject matter jurisdiction. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1998). However, because the plaintiff chose a state rather than federal forum, "the removal statute is strictly construed against removal jurisdiction." *Id.* "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles,*

*Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (quotation omitted). If at any time before final judgment it appears the district court lacks subject matter jurisdiction over a case removed from state court, the case must be remanded. 28 U.S.C. § 1447(c).

Jurisdiction based on 28 U.S.C. § 1332 require complete diversity and an amount in controversy that exceeds $75,000. *Id.* In the context of removal, the inquiry into the amount in controversy "is not confined to the face of the complaint." *Burk v. Medical Savings Ins. Co.*, 248 F.Supp.2d 1063, 1067 (D. Ariz. 2004) (citing *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004)). "The court may consider whether it is 'facially apparent' from the complaint that the amount in controversy has been met," and "[i]f it is not facially apparent, the court may consider facts in the removal petition or 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Plexus Worldwide LLC v. TruVision Health LLC*, No. CV-14-02093-PHX-ROS, 2014 WL 12650627, at *2 (D. Ariz. Dec. 22, 2014) (quoting *Singer v. State Farm Mutual Automobile Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)). Where a plaintiff's state court complaint does not allege a specific amount of damages, the removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). "[T]he defendant must set forth facts supporting the assertion that the amount in controversy exceeds the statutory minimum." *Int'l Tech. Coatings, Inc. v. Trover*, No. 2:12-CV-01007-JAT, 2012 WL 2301382, at *3 (D. Ariz. June 18, 2012). But, "[c]onclusory allegations as to the amount in controversy are insufficient." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090-91 (9th Cir. 2003).

For purposes of calculating the amount in controversy, in addition to considering a plaintiff's potential compensatory damages, a court may consider a plaintiff's potential punitive damages and the potential award of attorneys' fees. *See Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 n. 3 (9th Cir. 2000) (punitive damages); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) (attorneys' fees).

## III.    DISCUSSION

Plaintiffs complaint specifies no amount in controversy. Thus, it is not facially apparent that, here, the amount in controversy exceeds $75,000. Accordingly, Defendants carry the burden to prove by preponderance of the evidence that the amount in controversy requirement is met. Defendants argue that the amount in controversy requirement is more likely than not satisfied because (1) Plaintiffs filed a certified of compulsory arbitration in state court indicating the value of the claim exceeds $50,000; (2) Plaintiffs have allegedly advised Defendants that they are "strongly opposed" to resolve the case for anything less than $75,000; and (3) the damages resultant of a successful bad faith claim entitles Plaintiffs to "substantial amounts for special and general damages, punitive damages, attorney's fees and costs, and fees associated with their retention of a public adjuster." (Doc. 1). However, Defendants argument is not support by citation to specific facts, case law, or summary judgment type evidence.

Defendants first argument has some merit. Defendants correctly identify that a certification that the amount in controversy exceeds $50,000 may be included in calculating the total amount in controversy. *See Welsh v. New Hampshire Ins. Co.*, 843 F.Supp.2d 1006, 1010-11 (D. Ariz. 2012). However, a district court has discretion to accept the Plaintiffs formal judicial admission. *Singer*, 116 F.3d at 376-77 (supporting a district judge's discretion where "[i]n the absence of any conflicting evidence, the plaintiff's admission established by preponderance" that the amount in controversy was exceeded). The arbitration certificate demonstrates the amount in controversy is at least $50,000. Standing alone, it does no more. *See Welsch v. New Hampshire Ins. Co.*, 843 F.Supp.2d 1006, 1009-10 (D. Ariz. 2012) (finding the arbitration certificate "does not prove that damages will exceed $75,000).

Defendants second argument falls far short of meeting the required burden on proof. While some courts have considered a plaintiff's refusal to stipulate that damages sought are less than the amount in controversy as persuasive evidence in finding that jurisdiction was proper, no such situation is present here.[2] Here, Plaintiffs have not refused a specific

---

[2] The law in the Ninth Circuit is far from settled. *Compare Ansley v. Metropolitan Life Ins. Co.*, 215 F.R.D. 575, 578 (D. Ariz. 2003) (refusing to strike a refusal to stipulate) *with*

offer to stipulate that they seek no more than $75,000.  Plaintiffs also have not refused to state the amount in controversy sought. *See Gordon v. Allstate Ins. Co.*, 2010 WL 1949164, at *2 (D. Ariz. May 13, 2010) ("Plaintiffs . . . are under no such obligation to announce, on their own accord, the amount in controversy.").  Defendants presentation of undocumented, self-serving communications indicating that Plaintiffs are "strongly opposed" to settling for less than the amount in controversy does not convince this Court.

Defendants conclusory position that the "substantial amounts" of damages sought by Plaintiffs exceeds the amount in controversy is similarly unpersuasive.  Defendants fail to cite to any evidence regarding the amount of likely compensatory damages, punitive damages, and award of attorneys' fees.  Without such evidence, the Court cannot assume that the total amount in controversy far exceeds the $50,000 admitted by Plaintiffs. Regarding possible compensatory damages, the highest damage estimate to in Plaintiffs complaint was approximately $48,845.95 of damage to the contents of the home and an additional $25,822.36 in "pack back" expenses.  (Doc. 1, Exh. 3 at 24).  Tentatively,[3] this would place the payment sought by Plaintiffs under the Policy at $74,668.31.[4]  However, as Plaintiffs themselves point out, Defendants have already paid out $65,058.61 under the Policy. Thus, it is possible Plaintiffs only seek approximately $9,609.70 in compensatory damages but seek in excess $50,000 if punitive damages and attorneys' fees are awarded.

Defendants treatment of possible punitive damages is similarly cursory.  As discussed earlier, punitive damages may also be included in the amount in controversy if recoverable under the applicable law.  *See e.g., Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001); *Chabner*, 225 F.3d at 1046 n. 3.  In Arizona, punitive damages are recoverable in successful bad faith insurance claims.  *Filasky v. Preferred Risk Mut. Ins.*

---

*Conrad Assocs. v. Hartford Acc. & Indem. Co.*, 994 F.Supp. 1196, 1199 (N.D. Cal. 1998) (finding a plaintiff's refusal to stipulate their case was not worth $75,000 unconvincing).
[3] It is unclear from Plaintiffs complaint if these estimates are fully inclusive.
[4] In their complaint, Plaintiffs appear to use this number illustratively, not as an estimate of damages sought or an amount in controversy.  Seemingly, Plaintiffs highlight the discrepancy between their retained adjuster's estimate ($74,668.31) with Defendants initial estimate ($1,877.26) to infer bad faith.  That Defendants only paid out $65,058.61 after Plaintiffs hired an adjuster at significant cost to themselves is used to bolster their bad faith case.

- 5 -

*Co.*, 152 Ariz. 591, 734 (1987). "However, the mere possibility of a punitive damages award is insufficient to prove the amount in controversy has been met." *Burk*, 248 F.Supp.2d at 1069. Defendants must present evidence that a punitive damages award more likely than not will satisfy the amount in controversy when all appropriate damages are calculated. Here, Defendants do not attempt to satisfy this burden. Defendants presents no evidence justifying why this case might warrant extraordinary punitive damages. Rather, they merely assert that the sum of the damages sought by the Plaintiffs—to include general damages, special damages, compensatory damages, punitive damages, and attorneys' fees—is "substantial."

Similarly, attorneys' fees may be included in the amount in controversy "where the underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language." *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 1000 (9th Cir. 2007).[5] Because bad faith insurance claims arise out of a breach of contract action, attorneys' fees may be awarded pursuant to A.R.S. § 12-341.01(A). *Sparks v. Republic Nat'l Life Ins. Co.*, 132 Ariz. 529, 544 (1982). However, as with the arguments regarding punitive damages, Defendants present no evidence of Plaintiffs current or future attorneys' fees.

This Court cannot calculate the sum of Defendants unsupported speculation, much less affirm by preponderance of the evidence that it exceeds $75,000. Defendants have not met their burden. *See Gaus,* 980 F.2d at 567 (holding that a conclusory allegation "neither overcomes the strong presumption against removal jurisdiction, nor satisfies [the defendant]'s burden of setting forth, in the removal petition itself, the *underlying facts* supporting its assertion that the amount in controversy exceeds" $75,000).

## IV.    CONCLUSION

IT IS THEREFORE ORDERED that Defendants show cause in writing within seven days of the date of this Order why this case should not be remanded.

---

[5] It is an open question in the Ninth Circuit as to whether attorneys' fees incurred after the date of removal are properly included in the amount in controversy. *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 649 n. 2 (9th Cir. 2016). Here, Defendants provide insufficient information to calculate the effect of either approach.

IT IS FURTHER ORDERED that if Defendants fail to show cause in writing within seven days of the date of this Order, this case will be remanded without further notice.

Dated this 8th day of October, 2019.

Honorable Susan M. Brnovich
United States District Judge